GEORGE E. PHELAN, APPELLANT, *v.* HUGH A. COLLENDER, RESPONDENT.

*Trade mark — use of name.*

APPEAL from an order of the Special Term, denying a motion for an injunction, *pendente lite.*

The defendant is the survivor of the firm of Phelan & Collender. On the decease of his partner, he purchased of his executors all their right, title and interest in and to, and all the right, title and interest of the said Michael Phelan, prior to his death, in and to the fixtures and personal property of every description, in the building occupied by the firm, and all the letters patent owned by the firm or in which the firm had any interest, and in and to all trade marks used by the late firm. The leases of the places of business occupied by the late firm were assigned to him by the executors, and he has since carried on the business of manufacturing billiard tables, describing himself in his business card, advertisements and business transactions as " H. W. Collender, successor to Phelan & Collender," and describing his billiard tables as " Phelan & Collender's Standard American Tables."

The plaintiff, a son of Michael Phelan, is also engaged in the manufacture of billiard tables, and he alleges that the defendant, by assuming to use the words " successor to Phelan & Collender," and to describe his tables as " Phelan & Collender's Standard American Tables," is injuring his business, by inducing customers of the late firm, who would otherwise have dealt with plaintiff, but who have been misled by the use of such name, to deal in billiard tables and articles pertaining thereto with defendant.

The General Term *held*, that the plaintiff's right of action did not rest upon his relationship to his deceased father, nor upon any right or interest in the concerns of the late firm, but solely on the ground that his name was Phelan, and that he was engaged in the business of manufacturing and selling billiard tables, and that his business was injured by the use of that name by defendant, in connection with his business; that any other Phelan, who happened to be in the same business, would have the same legal right to enjoin

the use of the name by defendant, and could maintain an action for that purpose if plaintiff could do so ; and that as he did not allege that the defendant had used the name Phelan in such a way as to make it appear to be that of plaintiff himself, or had resorted to other artifice, to induce the belief that the establishment of defendant was the same as that of plaintiff, or to mislead customers to purchase of him under the belief that they were buying of plaintiff, or were buying articles of plaintiff's manufacture, he was not entitled to an injunction.

*Richard O'Gorman*, for appellant.    *M. Nolan*, for respondent.

Opinion by Davis, P. J.   Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs, besides disbursements.